### HEZEKIAH JORDAN *v.* THE STATE.

MISDEMEANOR — CHARGE OF THE COURT. — In criminal actions for misdemeanor, the court below is not required to charge the jury, except at the request of counsel on either side; but when so requested, shall give or refuse such charges as are asked, with or without modification, in writing, unless the parties consent that they shall be given verbally. And if it appears by the record that the court has departed from either of these rules, the judgment of the court will be reversed, provided it appears from the record that the defendant excepted to the action of the court at the time of the trial.

APPEAL from the County Court of Walker. Tried below before the Hon. G. W. GRANT, County Judge.

The judge of the County Court delivered a verbal charge to the jury, over the objections of defendant's counsel, who excepted at the time, and saved a bill of exceptions, which was duly allowed and certified by the judge.

*Randolph & McKinney*, for the appellant.

*W. B. Dunham*, Assistant Attorney-General, for the State.

WHITE, J. Appellant was tried and convicted in the County Court, upon an information, for a misdemeanor. On

the trial, a bill of exceptions was saved by defendant, and duly allowed and certified as part of the record, showing that the county judge, over objections of defendant, delivered a verbal charge to the jury, and refused to give the written instructions asked in behalf of defendant.

The law is that, " in criminal actions for misdemeanor, the court is not required to charge the jury, except at the request of counsel on either side; but when so requested, shall give or refuse such charges, with or without modification, as are asked, in writing." Pasc. Dig., art. 3063.

Again: " No verbal charge shall be given in any case whatever, except in cases of misdemeanor, and then only by consent of the parties." Pasc. Dig., art. 3064.

And again: " Whenever it appears by the record in any criminal action taken to the Supreme Court upon appeal by the defendant that the instructions given to the jury were verbal (except where so given by consent, in a case of misdemeanor), or that the district judge has departed from any of the eight preceding articles, the judgment shall be reversed, provided it appear by the record that the defendant excepted to the order or action of the court at the time of the trial." Pasc. Dig., art. 3067. *Killman* v. *The State*, 2 Texas Ct. App. 222; *Goode* v. *The State*, 2 Texas Ct. App. 520.

*Reversed and remanded.*